IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. CLARK HODGSON, JR., RECEIVER, et al. | : | CIVIL ACTION |
| v. | : | |
| KOTTKE ASSOCIATES, LLC | : | NO. 06-5040 |

### MEMORANDUM

**Baylson, J.**                                                                             June 12, 2008

  Plaintiff, C. Clark Hodgson, Jr., Receiver for the Philadelphia Alternative Asset Management Company, LLC, and its partners, affiliates, subsidiaries and related entities, ("Receiver") was appointed in <u>Commodity Futures Trading Commission v. Eustace</u>, C.A. 05-2973, and has brought this diversity action to recover $662,000 on behalf of two of the Receivership estates, Option Capital Fund, LP and Philadelphia Alternative Asset Fund, LP, from Defendant Kottke Associates, LLC ("Kottke"), a firm handling commodity futures located in Chicago, Illinois.[1] The Receivership entities were defrauded of significant amounts of money by Paul Eustace ("Eustace"), who controlled them.

  The simplified factual background of this case is that for a period of time Eustace worked in some relationship (the exact facts are disputed) with Kottke and became indebted to Kottke in an amount over $600,000. Eustace signed a note to repay Kottke personally for the losses that Kottke had incurred, then paid Kottke and had this judgment satisfied.

  The Receiver claims that the funds which Eustace used to pay Kottke came from the

---

[1] Another case brought in this Court by the Receiver, and subsequently a Receiver Ad Litem, against Man Financial, Inc. and UBS Fund Services (Cayman), Ltd., C.A. 06-1944, has now been settled.

Option Capital and LP Funds, both controlled by Eustace, and by a series of facts and circumstances, Kottke was on notice and should have realized that Eustace was using money invested in the Option Capital and/or the LP Funds, rather than his own funds, to pay Kottke.

The Receiver filed a Complaint which contains five counts. The first three are based on violations of the Illinois Uniform Fraudulent Transfer Act; Count IV is based on conversion and Count V on unjust enrichment. The parties agree that Illinois law applies.

After a period of discovery, cross Motions for Summary Judgment were filed. The briefs are voluminous and the exhibits even more so. The Plaintiff asserts that the undisputed facts show that Kottke knew or should have known that Eustace was not using his own money to pay his debt to Kottke, and Kottke is not entitled to keep the funds. In its Motion, Kottke first asserts that Plaintiff's claim is barred by applicable Illinois statutes of limitation, and even if not, the evidence shows that Plaintiff does not have sufficient facts to warrant a trial on the issue of Kottke's knowledge or intent. After reviewing the briefs and factual submissions, the Court is of the view that neither Motion for Summary Judgment can be granted and a trial is required.

1. <u>Statute of Limitations Issues</u>

The first three Counts of the Complaint allege violations of three different provisions of the Uniform Fraudulent Transfer Act as codified in Illinois (hereinafter "IUFTA"), with a separate count dedicated to each provision. For the most part, the Plaintiff alleges that the same transactions violated each of the three provisions. One of the difficulties in analyzing the Motions is that each provision has a different limitations period.

Count I alleges violations of 740 ILCS 160/5(a)(1) (hereinafter "Section 5(a)(1)"), which applies to transfers where the debtor had the actual intent to hinder, delay, or defraud any

creditor. The statute of limitations on claims under Section 5(a)(1) is four years after the transfer was made <u>or</u> one year after the transfer was or could have reasonably been discovered by the claimant. See 740 ILCS 160/10(a). The Receiver contends that the four-year period covers all of the payments which Eustace made to Kottke, except for the first, in the amount of $159,000. The parties dispute whether the alternate limitations period, namely, "one year after the transfer was or could have reasonably been discovered by the claimant" covers that first payment of $159,000. This dispute raises issues of fact that the Court cannot decide as a matter of law based on the summary judgment papers. The parties will therefore need to go to trial on Count I.

As to Counts II and III, alleging violations of two other provisions of IUFTA, the Receiver's position on applicable limitations periods is unclear. Count II alleges violations of 740 ILCS 160/5(a)(2) (hereinafter "Section 5(a)(2)"). Claims under Section 5(a)(2) must be brought within four years after the transfer was made, and there is no alternate limitations period. See 740 ILCS 160/10(b). The Receiver's Brief only argues how his claims under Section 5(a)(1) survive Kottke's arguments regarding the applicable statute of limitations and appears to ignore claims under Section 5(a)(2). Pl.'s Br. at 2 n. 3. ("The Receiver addresses only his claim for fraud in fact under § 160/5(a)(1) in addressing Kottke's statute of limitations argument, and not the other two fraudulent transfer causes of action pled.") The Receiver will have seven (7) days to file a statement with the Court explaining whether his lack of response to Kottke's statute of limitations arguments on Count II constitutes a concession, or otherwise why he did not respond.

Count III of the Complaint alleges violations of 740 ILCS 160/6 (hereinafter "Section 6"). As noted above, the Receiver does not set forth his position as to how his claims survive the applicable statute of limitations period for claims under Section 6. Furthermore, the Complaint

does not specify whether Count III alleges violations of Section 6(a) or Section 6(b), which appear to have different limitations period.  Notably, claims under Section 6(b) must be brought within one year after the transfer was made.  See 740 ILCS 160/10(b).  The Receiver will have seven (7) days to file a statement with the Court explaining whether his lack of response to Kottke's statute of limitations arguments on Count III constitutes a concession, or otherwise why he did not respond, and whether he alleges violations of Section 6(a), Section 6(b) or both.

2.     Other Issues

Even if the statute of limitations issues on Counts II and III are resolved favorably to Defendant, a jury still must determine whether the various parties involved in this case acted in good faith for purposes of assessing Counts I, IV, and V.  Plaintiff has relied extensively on undisputed facts as to when certain payments were made, as known to Kottke, and that under all the circumstances Kottke had reason to know that Eustace was not using his own funds but rather funds of other investors to make these payments, which voids the validity of the satisfaction of judgment on which Kottke relies.

Eustace's several depositions, which are inconsistent as to some facts and relied on by both parties at different points, are not reliable for Rule 56.  Eustace is an admitted wrongdoer, and is unlikely to appear at trial.  Although his depositions are admissible, the Court is not comfortable granting summary judgment in reliance on his testimony.

Kottke has submitted a number of affidavits and declarations from individuals who worked for Kottke, its law firm at the relevant times, and for third parties, who assert the propriety and good faith of their actions and lack of knowledge of facts that would have caused them to suspect the propriety of Eustace's payments.

The Court sees no point in a detailed discussion of these factual contentions, or a review of the numerous legal issues and case citations made by both parties.  Candidly, the Court has concluded that a trial, which the parties believe can be completed within one week, would be a better use of judicial resources than an extended memorandum reviewing the detailed factual submissions and contentions.  It would be improper to grant summary judgment since so many of the issues involved in this case revolve around subjective intent and good faith, or the lack thereof, which must be decided by a jury.  Furthermore, submission of these disputes to a trial setting, with direct and cross examination, and adherence to rules of evidence, as opposed to affidavits, will establish a better record for decision as to the satisfaction of the burden of proof by the Plaintiff on the fraud and tort claims, and will provide more informed post-trial and/or appellate review.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. CLARK HODGSON, JR., RECEIVER, et al. | : | CIVIL ACTION |
| v. | : | |
| KOTTKE ASSOCIATES, LLC | : | NO. 06-5040 |

**ORDER**

AND NOW, this 12th day of June, 2008, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that Defendant Kottke's Motion for Summary Judgment (Doc. No. 40) and Plaintiff's Motion for Summary Judgment (Doc. No. 41) are DENIED as to Counts I, IV, and V.

Also, as discussed in the foregoing Memorandum, Plaintiff will have seven (7) days to file a statement explaining his position on statute of limitations issues regarding Counts II and III, and clarifying whether Count III alleges violations of 740 ILCS 160/6(a) or 740 ILCS 160/6(b), or both.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-5040, Hodgson v. Kottke\Hodgson v. Kottke - Memo 6-6-08.wpd